**UNITED STATES of America, Plaintiff–Appellee**

v.

**Darryan WASHINGTON, Defendant–Appellant.**

No. 04–30990.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided May 20, 2005.

Duane Evans, William P. Gibbens, U.S. Attorney's Office, Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellee.

John H. Craft, Assistant Federal Public Defender, Robin Elise Schulberg, Federal Public Defender's Office, Eastern District of Louisiana, New Orleans, LA, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit Judges.

PER CURIAM: *

Darryan Washington appeals from his final order of criminal forfeiture following

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his guilty plea to conspiracy to distribute cocaine. He argues pursuant to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* ―― U.S. ――, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that he had a Sixth Amendment right to have a jury resolve the disputed issue whether $148,000 seized by the Government was obtained as a result of the drug conspiracy.

The Supreme Court held in *Libretti v. United States,* 516 U.S. 29, 49, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995), that "the right to a jury verdict on forfeitability [did] not fall within the Sixth Amendment's constitutional protection." *Libretti* has not been overruled by *Blakely* or *Booker. Libretti* therefore controls the constitutional issue "unless and until the Supreme Court itself determines to overrule it." *Cf. United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (internal quotation marks and citation omitted). Given that Washington did not have a Sixth Amendment right to a jury trial of the disputed forfeiture issue, the issue whether he orally waived that right is moot.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.